1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
9                                     AT SEATTLE

10   OFFSHORE-INLAND SERVICES OF
     ALABAMA, INC.,
11
12                   Plaintiff,                      CASE NO. C06-0183-JCC

13          v.                                       ORDER GRANTING MOTION TO
                                                     CONSOLIDATE
14   R/V DEEPOCEAN QUEST, *in rem*, OCEAN
     SERVICES, LLC, *in personam*, CASEMO
15   INTERNACIONAL, S.A., *in personam*,

16                   Defendants.

17
18   DEEP OCEAN QUEST, S.A., a foreign
     corporation,
19
                     Plaintiff,                      CASE NO. C06-1114-JCC
20
            v.                                       ORDER GRANTING MOTION TO
21                                                   CONSOLIDATE
     STABBERT MARITIME YACHT & SHIP LLC,
22   a Washington limited liability company d/b/a
     Stabbert Maritime Yacht & Ship, Inc.; *et al.*,
23
                     Defendants.
24

25

26   ORDER – 1

1         This matter comes before the Court on Deep Ocean Quest's Motion for Consolidation (Dkt. No.

2    25 in C06-0183-JCC, Dkt. No. 14 in C06-1114-JCC) and the relevant oppositions and replies thereto.

3    After carefully considering the parties' submissions, the Court rules as follows.

4         The legal issues and facts in both cases identified in the captions involve common parties, subject

5    matter, and questions of law and fact. Both lawsuits revolve around the management, repair, and

6    refurbishment of the *in rem* defendant M/V *Alucia* owned by Deep Ocean Quest. Federal Rule of Civil

7    Procedure 42(a) provides for consolidation of actions that involve a common question of law or fact.

8    Courts have broad discretion to consolidate cases. *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140

9    (5th Cir. 1985). In determining whether to consolidate cases, a court must weigh the interest of judicial

10   convenience against the potential for delay, confusion, and prejudice caused by consolidation. *Southwest*

11   *Marine, Inc. v. Triple A Mach. Shop., Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989). The party moving

12   for consolidation bears the burden of proving that consolidation is desirable. *Servants of the Paraclete,*

13   *Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D. N.M. 1994).

14        This Court finds that preserving judicial and party resources during discovery and motion practice

15   weighs heavily in favor of consolidation in this matter due to the many overlapping issues of fact and law.

16   Any minimal delay resulting from consolidation will not prejudice the parties because these cases are still

17   in relatively early stages of litigation.

18        Accordingly, the Court hereby ORDERS that Cause Numbers C06-0183-JCC and C06-1114-JCC

19   be consolidated for all purposes. All future pleadings in these actions should bear the Cause Number C06-

20   0183-JCC. The pretrial and trial schedule previously set for Cause Number C06-1114-JCC (Dkt. No. 26),

21   will apply to the entirety of the newly consolidated case.

22        DATED this 22nd day of December, 2006.

23

24                           John C. Coughenour
                        United States District Judge

25

26   ORDER – 2